# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KURT KANAM, individually and PILCHUCK NATION,<br><br>           Plaintiffs,<br>vs.<br><br><br>DEB HAALAND, individually<br>BRYAN NEWLAND, individually,<br>DARRYL LACOUNTE, individually and<br>BUREAU OF INDIAN AFFAIRS<br><br><br><br>           Defendants. | Civ. No. 21-cv-01690-RJL<br><br>PLAINTIFF'S RESPONSE TO MOTION TO DISMISS |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, Pilchuck Nation and Kurt Kanam ("Plaintiffs"), by and through the undersigned counsel, hereby submits the following Opposition to Defendants' Motion to Dismiss the Complaint ("Complaint"). Defendants' Motion to Dismiss the Complaint should be denied because: (1) the Pilchuck Nation already has tribal recognition; (2) administrative remedies are not available; (3) exhaustion of remedies is a flexible doctrine; (4) administrative remedies are inadequate, and exhaustion would be futile; (5) other tribes have received federal recognition through an informal process; and (6) *res judicata* does not bar the complaint.

Additionally, Defendants' Motion to Dismiss must be converted to a Motion for Summary Judgment, and discovery must be allowed, and the Court should grant a stay pending compliance with 25 C.F.R. § 2.8 if it determines exhaustion is required.

In support of their Opposition to Defendants' Motion to Dismiss the Plaintiffs respectfully submit the attached Memorandum of Points and Authorities and a proposed Order.

Date: October 12, 2021                    Respectfully submitted,

/s/ Laurence L. Socci
Laurence L. Socci, Esq.
D.C. Bar No. 241318
The Socci Law Firm, PLLC
P.O. Box 14051
Washington, DC 20044
(202) 262-5843
laurence.socci@soccilawfirm.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KURT KANAM, individually and PILCHUCK NATION,**<br><br>             Plaintiffs,<br>vs.<br><br><br>**DEB HAALAND, individually<br>BRYAN NEWLAND, individually,<br>DARRYL LACOUNTE, individually and<br>BUREAU OF INDIAN AFFAIRS**<br><br><br><br>             Defendants. | Civ. No. 21-cv-01690-RJL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, Pilchuck Nation and Kurt Kanam ("Plaintiffs") by and through the undersigned counsel, submit the following Memorandum of Points and Authorities in Support of their Opposition to Defendants' Motion to Dismiss the Complaint ("Complaint"). For the reasons set forth below, Plaintiffs request that this Court deny the Defendants' Motion to Dismiss in its entirety.

**INTRODUCTION**

On July 1, 2021, Plaintiffs filed a Complaint in this Court stating that Plaintiffs submitted two petitions for inclusion on the Department of Interior's List of Federally Recognized Indian Tribes ("List") on May 27, 2014 and on March 30, 2021, but that the

Department of Interior "failed to consider Plaintiffs' Petitions to include the Pilchuck Nation" on the List. Compl. 2, ¶ 1.

Plaintiffs' request for the Pilchuck Nation's inclusion on the List stems from the fact that Pilchuck Nation is a Treaty Tribe that occupies the status of a party to one or more of the Stevens treaties and therefore holds for the benefit of its members a reserved right to harvest anadromous fish at all the usual and accustomed places outside reservation boundaries, in common with others. Compl. 4, ¶ 12.

In support of that allegation, Plaintiffs note that "[o]n March 22, 2012, the Karluk Tribal Court, through a Declaratory Order, declared Plaintiff Pilchuck Nation to be a Treaty Tribe." Compl. at 4, ¶ 13. Additionally, Plaintiffs allege that "Plaintiff Pilchuck Nation makes the same claims as the [Stillaguamish] Tribe in U.S. v. Washington" and that "[t]here the District Court upheld the [Stillaguamish's] aboriginal treaty rights." Compl. at 3, ¶ 7

In their Complaint, Plaintiffs set forth three causes of action. First, Plaintiffs allege that Defendants' consideration of Plaintiffs' petitions for inclusion on the List was "unlawfully withheld or unreasonable delayed," in violation of the Administrative Procedure Act ("APA"). Compl. 6, ¶ 23 (quoting 5 U.S.C. § 706(1)). Second, Plaintiffs allege that Defendants' failure "to consider Plaintiffs' petition for a period of 7 years" constitutes arbitrary and capricious action in violation of the APA. Compl. 7, ¶ 30. Third, Plaintiffs allege that Defendants violated Plaintiffs' rights to due process under the Fifth Amendment of the U.S. Constitution "by failing to consider their petitions in a timely manner." Compl. 7, ¶ 34. Based on the claims listed above, Plaintiffs request that the Court "compel Defendants to review and act upon Plaintiffs' petition for Defendants to include the Pilchuck Nation into the list of Federally recognized tribes, pursuant to 25 U.S.C. § 479(a) within 30 days of service of this Complaint." Compl. 8, ¶ 34.

# ARGUMENT

## I.   MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48 (1957) (emphasis added); see also Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all the factual allegations contained therein.

For the reasons argued below, Defendants' Motion to Dismiss must be denied.

## II.   THE PILCHUCK NATION ALREADY HAS TRIBAL RECOGNITION.

The *Pilchuck Nation v. All Active Parties of US v. Washington* MC 3:12-05012 is a self-authenticating document per ER 902 and a valid judgment that meets the definition of a decision of a United States court per the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791 that States:

> "(3) Indian tribes presently may be recognized by Act of Congress; by the administrative procedures set forth in part 83 of the Code of Federal Regulations denominated 'Procedures for Establishing that an American Indian Group Exists as an Indian Tribe;' or by a decision of a United States court;

Under a plain reading of the code, there is a judicial process for determining tribal recognition.

The Defendants do not want to acknowledge the U.S District court's foreign judgment and determination of Tribal recognition. The Defendants wish to ignore the U.S. District court's order and the language in subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. The Defendants are attempting to force the Pilchuck into another tribal recognition process to defeat the U.S. District court's foreign judgment and the language in subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791.

However, the U.S. District Court's order was never appealed and became final and the plain reading of subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791 states clearly: "or by a decision of a United States court." The doctrine of stare decisis should prevent the defendants from ignoring the U.S. District court's order, because the agency lacks rules to achieve the process intended by the Congress in subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791.

III.   ADMISTRATIVE REMEDIES ARE NOT AVAILABLE

It is well settled in federal courts that an agency must not make or change legislation without formal rulemaking undertaking the procedural requirements of § 553. Here, the Defendants have not even addressed the validity of the U.S. District court's order or the criteria under of subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791.

The Defendants are not providing an interpretive position, nor have they commenced proper rulemaking. They simply ignore the U.S. District Court order and subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791 and redirect the process to their own administrative process for determining tribal recognition.

Rather act under subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791, the Defendants' tact was to wait out the request and then seek a procedural escape from the U.S. District court's order and the criteria under of subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791, and divert the process to 25 C.F.R. § 83.2, , 25 U.S.C. §§ 2, 9; 43 U.S.C. § 1457.[1]

Of course, the ruling end of that equation is the Congress itself. Congress passed the Federally Recognized Indian Tribe List Act of 1994 and included the "or by a decision of a United States court" language. In general, an agency has only that authority which has been delegated to it by Congress. See *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress."). The Congress conferred the power upon the Defendants to recognize Indian tribes if they were recognized by a United States court. The Congress did not give the Defendants the power to usurp the United States court authority to

---

[1] The cases cited by the defendants: Muwekma Ohlone Tribe v. Salazar, 708 F.3d 209, 216 (D.C. Cir. 2013) (Muwekma II), United States v. Holliday, 70 U.S. 407, 419 (1865), Cherokee Nation of Okla. v. Babbitt, 117 F.3d 1489, 1496 (D.C. Cir. 1997), James v. U.S. Dep't of Health & Hum. Servs., 824 F.2d 1133, 1139 (D.C. Cir. 1987), Miami Nation of Indians of Ind., Inc. v. U.S. Dep't of the Interior (Miami Nation II), 255 F.3d 342, 346 (7th Cir. 2001), Miami Nation of Indians of Ind., Inc., v. Babbitt, 887 F. Supp. 1158, 1167 (N.D. Ind. 1995), LaPier v. McCormick, 986 F.2d 303, 305 (9th Cir. 1993), do not involve subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791 and are not helpful to this court.

recognize Indian tribes only by administrative process. ("[A]n agency literally has no power to act . . . unless and until Congress confers power upon it.") *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986).

Here, the only administrative process the Defendants were allowed to conduct was to recognize the decision by the United States court and then add the Pilchuck Nation to the publication[2] of federally recognized tribes. At the very least, the Defendants should have outlined its procedures for accepting judicial decisions and given the Plaintiff's notice of those steps. The Defendants have absolutely no legislative power to remove the Plaintiffs rights under subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. See U.S. CONST. art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States"). Of "paramount importance" to any exhaustion inquiry is congressional intent. *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 501 (1982). Where Congress specifically mandates, exhaustion is required. Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989); Patsy, 457 U.S., at 502 , n. 4. But where Congress has not clearly required exhaustion, sound judicial discretion governs. *McGee v. United States*, 402 U.S. 479, 483 , n. 6 (1971). See also *Patsy*, 457 U.S., at 518 (WHITE, J., concurring in part) ("[E]xhaustion is `a rule of judicial administration,' . . . and unless Congress directs otherwise, rightfully subject to crafting by judges."). Nevertheless, even in this field of judicial discretion, appropriate deference to Congress' power to prescribe the basic procedural scheme under which a claim may be heard in

---

[2] Indeed, the letter from Plaintiff requested "publication" and did not contain the words "petition."

a federal court requires fashioning of exhaustion principles in a manner consistent with congressional intent and any applicable statutory scheme. Id., at 501-502, and n. 4.

The Defendants should be ordered to give effect to the plain meaning of "or by a decision of a United States court." In subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. The Supreme Court often recites the "plain meaning rule," that, if the language of the statute is plain and unambiguous, it must be applied according to its terms. *Sebelius v. Cloer*, 569 U.S. ___, No. 12-236, slip op. (May 20, 2013).

The same rules of statutory construction are well established in the District of Columbia jurisdiction. "Our first step when interpreting a statute is to look at the language of the statute." *Jeffrey v. United States*, 878 A.2d 1189, 1193 (D.C. 2005). "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used." *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C. 1983) (en banc) (citing *Varela v. Hi-Lo Powered Stirrups, Inc*., 424 A.2d 61, 64 (D.C. 1980) (en banc)). "It is axiomatic that 'the words of the statute should be construed according to their ordinary sense and with the meaning commonly attributed to them.'" Id. (quoting *Davis v. United States*, 397 A.2d 951, 956 (D.C. 1979)). When interpreting the language of a statute, we must look to the plain meaning if the words are clear and unambiguous. *District of Columbia v. District of Columbia Office of Employee Appeals*, 883 A.2d 124, 127 (D.C. 2005) (citing Jeffrey, supra, 878 A.2d at 1193). Usually "[w]hen the plain meaning of the statutory language is unambiguous, the intent of the legislature is clear, and judicial inquiry need go no further." *District of Columbia v. Gallagher*, 734 A.2d 1087, 1091 (D.C. 1999) (citations omitted).

Here the District Court for the District of Columbia need to go no further than the plain language "or by a decision of a United States court," of subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791, and divert the process to 25 C.F.R. § 83.2, , 25 U.S.C. §§ 2, 9; 43 U.S.C. § 1457 and 25 USC 5131 which reads:

> **(a)PUBLICATION OF LIST**
> The Secretary shall publish in the Federal Register a list of all Indian tribes which the Secretary recognizes to be eligible for the special programs and services provided by the United States to Indians because of their status as Indians.
>
> **(b)FREQUENCY OF PUBLICATION**
> The list shall be published within 60 days of November 2, 1994, and annually on or before every January 30 thereafter.

There are no statutory provisions in the Recognized Indian Tribe List Act of 1994, which allow the secretary to challenge the decision of a United States Court recognizing a tribe. That had to be done in the United States Court which granted the judgment. That did not happen in this case, so the Secretary has no grounds or statutory authority to ignore the determination by a United States court.

## IV. EXHAUSTION OF REMEDIES IS A FLEXIBLE DOCTRINE

The question whether a plaintiff has exhausted administrative remedies before coming to court is not a jurisdictional inquiry, since "exhaustion of remedies is a `flexible doctrine' subject to `a number of interrelated exceptions.'" *District of Columbia v. Group Insurance Administration,* 633 A.2d 2, 20 (D.C.1993) See also *Munsell v. Dep't of Agric.*, 509 F.3d 572, 580–81 (D.C. Cir. 2007).

Plaintiffs have identified a judicial process to achieve tribal recognition. Defendants argue there is only one process for tribal recognition, however, other tribes have obtained judicial recognition.

As argued above, the interrelated exceptions to administrative remedies would be the judicial process outlined in Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. Therefore, this court would have jurisdiction to determine whether the judicial tribal recognition process existed or was available for the Plaintiffs.

## V. ADMISTRATIVE REMEDIES ARE INADEQUATE AND EXHAUSTION WOULD BE FUTILE

The defendants have not provided the administrative remedy for complying with subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. They have not provided them because none such administrative procedures exist. Without administrative procedures for overturning United States court's decisions and without interpretive positions or rules, the administrative process for the Pilchuck Nation is futile and it can be bypassed. See *Honig v. Doe*, 484 U.S. 305, 327 (1988) ("[P]arents may bypass the administrative process where exhaustion would be futile or inadequate." In a similar vein, exhaustion has not been required where the challenge is to the adequacy of the agency procedure itself, such that "the question of the adequacy of the administrative remedy . . . [is] for all practical purposes identical with the merits of [the plaintiff's] lawsuit." *Barry v. Barchi*, 443 U.S. 55, 63 , n. 10 (1979) (quoting Gibson v. Berryhill, 411 U.S., at 575 )

Indeed, the defendants have described to this court that they do not intend to conduct a review their inaction under subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. Here, the defendants have admitted they are only going to proceed with tribal recognition Under 25 C.F.R. § 83.2, , 25 U.S.C. §§ 2, 9; 43 U.S.C. § 1457, and they have not outlined any "agency process" that Pilchuck et al should have taken under the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. In fact, the defendants only refer to a "petition" and have not acknowledged a request for "publication" of the Pilchuck tribe based upon subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. An administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. See *Gibson v. Berryhill*, 411 U.S., at 575 , n. 14; *Houghton v. Shafer,* 392 U.S. 639, 640 (1968) (in view of Attorney General's submission that the challenged rules of the prison were "validly and correctly applied to petitioner," requiring administrative review through a process culminating with the Attorney General "would be to demand a futile act"); *Association of National Advertisers, Inc. v. FTC*, 201 U.S. App. D.C. 165, 170-171, 627 F.2d 1151, 1156-1157 (1979) (bias of Federal Trade Commission chairman), cert. denied, 447 U.S. 921 (1980). See also *Patsy v. Florida International University*, 503 U.S. 140, 149, 634 F.2d 900, 912-913 (CA5 1981) (en banc) (administrative procedures must "not be used to harass or otherwise discourage those with legitimate claims"), rev'd on other grounds*, Patsy v. Board of Regents of Florida*, 457 U.S. 496 (1982).

There are no administrative procedures which the court would be "prematurely interfering" with and there are absolutely no opportunities for the Agency to "apply its

12

expertise." The Agency administrative appeal only offers a formality and an agency decision adverse to the Plaintiffs. "When an administrative appeal would be futile and little more than a formality, exhaustion will not be required" and, "when there is nothing to be gained other than an agency decision adverse to the plaintiff." See *Sioux Valley Hosp. v. Bowen*, 792 F.2d 715, 724 (8th Cir. 1986)

The Defendants lack of an administrative process under subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791 and their obvious redirect to 25 C.F.R. § 83.2, 25 U.S.C. §§ 2, 9; 43 U.S.C. § 1457, means this court would not be sending this matter back to the agency correct its own error. This court would be sending this case back to the agency so Plaintiffs can file a new "petition" with a whole new administrative process. This proves the administrative process for subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791 is futile. The Defendants have demonstrated they have no intention to develop a complete factual record concerning subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791. Their only intent is to force a "petition" and foil the request for "publication." "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

The Court is required to employ a balancing test when determining if exhaustion of administrative remedies should be required when no statute or regulation mandates it. *West v.*

13

*Bergland*, 611 F.2d 710, 715 (8th Cir. 1979). "Administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." Id.

Plaintiffs respectfully argue its interests for an immediate judicial review outweighs the governments interests in efficiency or autonomy. It has been 7 years since the request for "publication," and the agency has presented no desires to further agency efficiency or autonomy of the administrative process for subsection three of the Federally Recognized Indian Tribe List Act of 1994 Pub. L. 103–454, title I, §103, Nov. 2, 1994, 108 Stat. 4791.

Given the fact that it has been seven years since the Plaintiffs last requested inclusion in the annual publication under Federally Recognized Indian Tribe List Act of 1994, the Defendants have had plenty of time to conduct rulemaking or issue an interpretive position. They have not done so. See *Gibson v. Berryhill*, 411 U.S. 564, 575 , n. 14 (1973) (administrative remedy deemed inadequate "[m]ost often . . . because of delay by the agency") See also *Walker v. Southern R. Co.*, 385 U.S. 196, 198 (1966) (possible delay of 10 years in administrative proceedings makes exhaustion unnecessary); *Smith v. Illinois Bell Telephone Co.*, 270 U.S. 587, 591 -592 (1926) (claimant "is not required indefinitely to await a decision of the ratemaking tribunal before applying to a federal court for equitable relief")

For the reasons outlined above exhaustion of administrative remedies should not be required by this court.

VI.    **OTHER TRIBES HAVE RECEIVED FEDERAL RECOGNITION THROUGH AN INFORMAL PROCESS**

The Defendants are incorrect in their determination that the Part 83 is the only path for federal recognition. Other tribes received acknowledgment from informal executive actions. The

list of Indian tribes granted federal recognition through informal Executive Branch actions from 1960 to present are as follows:

1. Miccosukee Tribe of Indians of Florida: Decision by an Assistant Secretary of the Interior (Nov. 17, 1961)

2. Burns Paiute Tribe of the Burns Paiute Indian Colony of Oregon: Department of the Interior Solicitor's opinion (Nov. 16, 1967)

3. Nooksack Indian Tribe of Washington: Department of the Interior Solicitor's opinion (Aug. 13, 1971)

4. Upper Skagit Indian Tribe of Washington: Decision by the Deputy Commissioner for Indian Af- fairs (June 9, 1972)

5. Sauk-Suiattle Indian Tribe of Washington: Decision by the Deputy Commissioner for Indian Af- fairs (June 9, 1972)

6. Passamaquoddy Indian Tribe of Maine: Administrative decision (June 29, 1972)

7. Penobscot Tribe of Maine: Administrative decision (July 14, 1972)

8. Sault Ste. Marie Tribe of Chippewa Indians of Michigan: Decision by the Deputy Commissioner for Indian Affairs/clarified by the Department of the Interior Solicitor's opinion (2/27/74) (Sept. 7, 1972)

9. Coushatta Tribe of Louisiana: Decision by the Assistant to the Secretary of the Interior (June 27, 1973)

10. Stillaguamish Tribe of Washington: Decision by the Assistant to the Secretary of the Interior responding to Stillaguamish v. Klepp (Oct. 27, 1976)

11. Karuk Tribe of California, Decision by the Assis- tant Secretary – Indian Affairs, January 15, 1979

12. Jamul Indian Village of California, Deputy Assis- tant Secretary – Indian Affairs designation as a half-blood community (July 7, 1981)

13. Ione Band of Miwok Indians of California, Decision by the Assistant Secretary – Indian Affairs, Mar. 22, 1994

14. King Salmon Tribe, Alaska, Decision by the Assistant Secretary – Indian Affairs, December 29, 2000

15. Shonnaq Tribe of Kodiak, Alaska, Decision by the Assistant Secretary – Indian Affairs, December 29, 2000

16. Lower Lake Rancheria, California, Decision by the Assistant Secretary – Indian Affairs, December 29, 2000.

As shown above, 16 tribes have received federal recognition through an informal process.

## VII. RES JUDICATA DOES NOT BAR THE COMPLAINT

The doctrine of *res judicata* does not bar Plaintiffs' claims. Plaintiff Kurt Kanam did not have standing to litigate the merits in 2018. Any merits in 2018 would have been a hypothetical judgment and merely an advisory ruling. "The federal hypothetical jurisdiction produces nothing more than a hypothetical judgment-which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning". (See *Steel Co. v. Citizens for a better Environment,* 523 U.S. 83 (1998), quoting *Muskrat v. United States*, 219 U.S. 346, 362 (1911)~ Hayburn's Case,2 Da11.U.S. 409 (1792). Much more than legal niceties are at stake here. "The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects". (See *United States v Richardson* 418 U.S. 166, 179 (1974); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 227 (1974). "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction, to do so is, by very definition, for a court to act ultra vires". "' assuming' jurisdiction for the purpose of deciding the merits -the' doctrine of hypothetical jurisdiction. '"

Therefore, as argued above, the previous court ruling was ultra vires and merely an advisory ruling and does not serve as a bar to Plaintiff's complaint.

# VI. THE MOTION TO DISMISS MUST BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT, AND DISCOVERY MUST BE ALLOWED

The Plaintiffs' complaint does not reference 25 C.F.R. § 83.2 or 25 U.S.C. §§ 2, 9; 43 U.S.C. § 1457. The motion to dismiss must be converted to a motion for summary judgment because the Defendants have brought up matters outside the pleadings. In accordance with Rule 12, all parties are granted an opportunity to respond and "present all material made pertinent to such a motion by Rule 56." *Davis Elliott Int'l, Inc.*, 705 F.2d at 707 (citing Fed. R. Civ. P. 12(b)). *Baker v. Henderson*, 150 F.Supp.2d 13, 16 (D.D.C.2001) ("When a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56, and a chance to pursue reasonable discovery.") (citing *Taylor v. Federal Deposit Ins. Corp.*, 132 F.3d 753 (D.C.Cir.1997)).

Here, Plaintiffs request discovery for its APA claims and its constitutional causes of action. Numerous courts have allowed discovery on constitutional claims made by plaintiffs. See, e.g., *Jordan v. Wiley*, 2008 WL 4861923, at *2 (D. Colo. 2008) (allowing a plaintiff to pursue discovery on constitutional claims while adjudication of APA claims was pending); *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990) (permitting plaintiffs to rely on extra record written testimony because "[w]hen reviewing constitutional challenges to agency decision making, courts make an independent assessment of the facts and the law"). Indeed, courts have specifically permitted merits discovery, including expert discovery, in census cases brought under the Enumeration Clause as well as the APA. See, e.g., *City of New York v. Dep't of Commerce*, 822 F. Supp. 906, 917 (E.D.N.Y. 1993) (noting that the court had held a trial "which consisted almost exclusively of expert testimony in the fields of demographics and statistics"); *Cuomo v. Baldrige*, 674 F. Supp. 1089, 1093 (S.D.N.Y. 1987) (same); *Carey v. Klutznick*, 508 F. Supp. 416, 418 (S.D.N.Y. 1980), aff'd, 637 F.2d 834 (2d Cir. 1980) (noting that plaintiffs had

"submitted substantial evidence," including "affidavits and depositions" demonstrating "the Census Bureau's mismanagement of the 1980 census");

Plaintiffs also challenge the constitutionality of the agency action. When a court reviews the constitutionality of an agency action, it must make "an independent assessment of a citizen's claim of constitutional right." *Porter v. Califano*, 592 F.2d 770, 780 (5th Cir. 1979). Because "[a] direct constitutional challenge is reviewed independent of the APA," a "court is entitled to look beyond the administrative record in regard to this claim." *Grill v. Quinn*, 2012 WL 174873, at *2 (E.D. Cal. 2012). Thus, "discovery as to the non-APA claim is permissible." Id.; see also *Webster v. Doe*, 486 U.S. 592, 604 (1988) (referencing the fact that a plaintiff who is entitled to judicial review of its constitutional claims under the APA is entitled to discovery regarding those claims); *Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*, 59 F. Supp. 2d 310, 328 (D.P.R. 1999).

### VIII. THE COURT SHOULD GRANT A STAY PENDING COMPLIANCE WITH 25 CFR § 2.8 IF IT DETERMINES EXHAUSTION IS REQUIRED.

Due to reasons of judicial economy and in respect to the massive amount of time which has passed since the original request for acceptance of the decision of the United States Court and request for publication (2014) Plaintiffs ask the trial court to grant a 30 day stay in this case to allow the Defendants to take action and for Plaintiffs to complete discovery.

Plaintiffs feel the Defendants will not answer the request for publication and stress they have no obligation to return to the administrative process under 25 C.F.R. § 83.2, , 25 U.S.C. §§ 2, 9; 43 U.S.C. § 1457, and reiterate that the Defendants have no administrative process for challenging decisions by a United States court.

### IX. CONCLUSION

Wherefore, based on the aforementioned arguments, Plaintiffs respectfully request a

denial of defendants' motion to dismiss, granting discovery and request a stay so Plaintiffs can comply with 25 CFR § 2.8, if this court determines administrative review is not futile.

Date: October 12, 2021

Respectfully submitted,

/s/ Laurence L. Socci
Laurence L. Socci, Esq.
D.C. Bar No. 241318
The Socci Law Firm, PLLC
P.O. Box 14051
Washington, DC 20044
(202) 262-5843
laurence.socci@soccilawfirm.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KURT KANAM, individually and PILCHUCK NATION,<br><br>　　　　　Plaintiffs,<br>vs.<br><br><br>DEB HAALAND, individually<br>BRYAN NEWLAND, individually,<br>DARRYL LACOUNTE, individually and<br>BUREAU OF INDIAN AFFAIRS<br><br><br><br>　　　　　Defendants. | Civ. No. 21-cv-01690-RJL<br><br>PLAINTIFF'S RESPONSE TO MOTION TO DISMISS |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Opposition to Defendants' Motion to Dismiss, and the entire record herein, it is this _____ day of _____ 2021

**ORDERED** that the Defendants' Motion is hereby DENIED.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　United States District Judge