UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KURT KANAM, et al.,

    Plaintiffs

v.

DEB HAALAND, in her official
capacity as United States Secretary of
the Interior, et al.

    Defendants.

Civil Case No. 21-1690 (RJL)

**MEMORANDUM OPINION**
June 28, 2022 [Dkt. # 7, 10, 23, 24, 25, 29]

Plaintiffs, the Pilchuck Nation and its chairman, Kurt Kanam ("Kanam"), ask this Court to compel the Secretary of the Interior to extend federal recognition to the Pilchuck Nation despite their failure to comply with the regulations governing the recognition process. *See* Compl. [Dkt. # 1]. Because Kanam has failed to exhaust the administrative remedies available to him and therefore cannot state a claim on which relief could be granted, I will **GRANT** defendants' motion to dismiss [Dkt. # 7], **DENY** plaintiffs' motions to amend [Dkts. # 10, 23] as futile, **DENY AS MOOT** plaintiffs' remaining motions [Dkts. # 24, 25, 29], and **DISMISS** the case.

## BACKGROUND

### A.    Statutory background

Federal acknowledgement of Indian tribes "[i]s a prerequisite to the protection, services, and benefits of the Federal Government available to those that qualify as Indian

tribes and possess a government-to-government relationship with the United States." 25 C.F.R. § 83.2(a). Federal courts defer to Congress and the President in determining whether a particular group is recognized as a tribe. *United States v. Holliday*, 70 U.S. 407, 419 (1865). Congress, in turn, has delegated to the Executive Branch, and in particular the Secretary of the Interior, the authority to establish regulations governing the relationship between tribes and the federal government. *See* 25 U.S.C. §§ 2, 9; 43 U.S.C. § 1457. Acting under that authority, the Secretary has promulgated regulations "establishing procedures and criteria for the Department to use to determine whether a petitioner is an Indian tribe eligible for" federal recognition. 25 C.F.R. § 83.2. These procedures are contained in Part 83, Title 25 of the Code of Federal Regulations. *See generally* 25 C.F.R. Part 83.

### B.     Factual allegations

In resolving a motion to dismiss for failure to state a claim, the Court will credit all well-pleaded facts in the Complaint and draw all reasonable inferences in plaintiffs' favor. *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).

The Pilchuck Nation is a tribe located in the state of Washington. *See generally* Compl. Kanam is its Chairman. *Id.* ¶ 5. In 2012, the Karluk Tribal Court[1] issued a

---

[1] The complaint is silent as to the relationship between the Native Village of Karluk, a federally recognized tribe located in Karluk, Alaska, and the Karluk Tribal Court, which is located 1,400 miles away in Toledo, Washington. *See* https://www.bia.gov/tribal-leaders/karluk; Order, *Kanam v. All Active Parties of U.S. v. Washington*, No. 11-19-11-1 (Karluk Tribal Ct., Mar. 19, 2012) [Dkt. # 23-2].

Declaratory Order declaring "Pilchuck Nation to be a Treaty Tribe, and not[ing] that the Federal District Court is obliged to register" that order. *Id.* ¶ 13. Two years later, in 2014, Kanam sent that order to the Assistant Secretary of the Interior for Indian Affairs and requested that the Pilchuck Nation receive federal recognition. *Id.* ¶ 14.

Having received no response, Kanam, proceeding *pro se*, filed a 2018 lawsuit in this District seeking to compel the Secretary to recognize the Pilchuck Nation. That lawsuit was dismissed after Kanam failed to respond to the Government's motion to dismiss. *See* Order, *Kanam v. Zinke*, No. 18-cv-1760 (D.D.C. Dec. 12, 2018), ECF No. 14.

Undeterred, Kanam made a second request to the Department in March 2021, again predicated on the Karluk Tribal Court order. Compl. ¶¶ 16–17. At no time did Kanam or the Pilchuck Nation seek recognition through the process established by the Department in 25 C.F.R. Part 83. *See generally* Compl. In fact, as Kanam acknowledges, the Department did not act on the Pilchuck Nation's request "because they wished to conduct proceedings only under" Part 83. First Am. Compl. ¶ 19.

C.   **Procedural history**

Kanam filed this case in June 2021 seeking, for the fourth time, federal recognition of the Pilchuck Nation. Kanam claims that the Secretary's failure to recognize the Pilchuck Nation violated the Administrative Procedure Act and deprived plaintiffs of due process under the Fifth Amendment. *See* Compl. ¶¶ 21–34. The Government has moved to dismiss. *See* Defs.' Mot. to Dismiss [Dkt. # 7]. That motion has been fully briefed. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss ("Pl. Opp.") [Dkt. # 8]; Reply in Supp. of Defs.' Mot. to Dismiss ("Def. Reply") [Dkt. # 9]. Kanam in turn moved to amend his complaint,

and that motion has also been fully briefed. *See* Pls.' Mot. for Leave to Amend ("First Mot. to Amend") [Dkt. # 10]; Defs.' Opp. to Pls.' Mot. for Leave to Amend Compl. ("Def. Opp.") [Dkt. # 11]; Pls.' Reply to Resp. to Mot. for Leave to Amend ("Pl. Reply").

What followed in the nearly nine months after the Secretary moved to dismiss has been a blizzard of procedural motions. Kanam moved for leave to amend the complaint a second time, for leave to file a sur-reply, and for an expedited hearing.[2] *See* Pls.' Mot. for Leave to Amend ("Second Mot. to Amend") [Dkt. # 23]; Pls.' Mot. for Expedited Hr'g ("Hearing Mot.") [Dkt. # 24]; Pls.' Mot. for Leave to File Mem. of Law in Supp. of Pls.' Expedited Compl. for Administrative Review, Declaratory, Injunctive, and Mandamus Relief ("Pl. Sur-Reply") [Dkt. # 25]. These motions have been fully briefed. *See* Defs.' Consolidated Opp'n to Pls.' Mot. for Leave to File Second Am. Compl., Mot. for Expedited Hr'g, and Mot. for Leave to File Mem. of Law in Supp. of Pls.' Expedited Compl. ("Def. Consol. Opp.") [Dkt. # 26]; Consolidated Reply in Supp. of Pls.' Mot. for Leave to File Second Am. Compl., Mot. for Expedited Hr'g, and Mot. for Leave to File Mem. of Law in Supp. of Pls.' Expedited Compl. ("Pl. Consol. Reply") [Dkt. # 27].

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] Shortly before this opinion issued, Kanam filed yet another motion, this one seeking to compel the Government to produce certain documents. *See* Pls.' Mot. to Compel Administrative R. [Dkt. # 29].

In resolving a Rule 12(b)(6) motion to dismiss, the Court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel*, 760 F.3d at 4.

Exhaustion of administrative remedies is a prerequisite to filing suit if Congress has delegated an initial administrative decision to the executive branch. *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). Whether failure to exhaust administrative remedies should be resolved as a jurisdictional defect via a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or as a failure to state a claim under Rule 12(b)(6) depends on the underlying statute. *Id.* at 1247–48. If a statute contains "sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion," the exhaustion requirement is jurisdictional and a 12(b)(1) analysis is appropriate; however, if such statutory language does not exist, "the exhaustion requirement is treated as an element of the underlying claim" and the motion is assessed as a 12(b)(6) motion to dismiss. *Id.* at 1248 (internal quotations omitted).

If the alleged failure to exhaust administrative remedies does not divest the court of jurisdiction, courts consider whether requiring exhaustion would be consistent with the underlying purposes of the exhaustion doctrine. *James v. U.S. Dep't of Health and Human Servs.*, 824 F.2d 1132, 1137–38 (D.C. Cir. 1987). Those purposes are (1) discouraging the "frequent and deliberate flouting of administrative processes," (2) protecting agency autonomy by allowing the agency to apply its expertise in the first instance and correct its own errors, (3) aiding judicial review by developing a record, and (4) aiding judicial

efficiency by "avoiding needless repetition of administrative and judicial factfinding." *Id.* (quoting *Andrade v. Lauer*, 729 F.2d 1475, 1484 (D.C. Cir. 1984)).

## DISCUSSION

### A. Kanam's failure to exhaust administrative remedies is fatal to his claims

Kanam's failure to exhaust the Part 83 procedures does not bar this Court's jurisdiction over his complaint. Congress has directed the Secretary of the Interior to publish a list of all federally recognized tribes on an annual basis. 25 U.S.C. § 5131. And the President, acting through the Secretary, is authorized to establish regulations "carrying into effect the various provisions of any act relating to Indian affairs," including the determination whether to extend recognition to a particular tribe. 25 U.S.C. § 9; *see also James*, 824 F.2d at 1137. But the statute contains no "sweeping and direct statutory language" divesting federal courts of jurisdiction if the tribes have not complied with the processes established by regulation. *Avocados Plus*, 370 F.3d at 1248. In the absence of such language, this Court will treat the alleged failure to exhaust administrative remedies as a failure to state a claim under Rule 12(b)(6). The Court will therefore accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiffs. *Sissel*, 760 F.3d at 4.

Assuming all well-pleaded allegations in the Complaint to be true, the Pilchuck Nation has failed to exhaust its administrative remedies. Indeed, the Secretary argues, and Kanam concedes, that the Pilchuck Nation has not even attempted to comply with the

6

procedural requirements established in Part 83. Mot. to Dismiss 19–21; *see also generally* Compl.; Pl. Opp.; Pl. Sur-Reply. And, as Kanam's proposed amended complaints criticizing the Secretary for "wish[ing] to conduct proceedings only under 25 U.S.C [sic] Part 83" make clear, it is beyond dispute that Pilchuck Nation has not even attempted to begin, much less completed, the Part 83 process. *See* Verified Am. Compl. for Declaratory Relief and Writ of Mandamus ("Am. Compl.") [Dkt. # 10-1] ¶ 19 ("Defendants' failure to act on Plaintiffs' request for publication for 7 years because they wished to conduct proceedings only under 25 U.S.C [sic] Part 83. [sic] is arbitrary, capricious and an abuse of discretion."); Pls.' Expedited 2nd Am. Compl. for Declaratory J., Injunctive Relief and Pet. for Writ of Mandamus ("Second Am. Compl.") [Dkt. # 23] ¶ 25 (same). Kanam's allegations and arguments leave no room for doubt: the tribe has not exhausted the procedures established in Part 83.[3]

Having established that the Pilchuck Nation has failed to exhaust its administrative remedies, the Court must assure itself that application of the exhaustion doctrine is consistent with the underlying principle of the doctrine before dismissing the complaint. *See James*, 842 F.2d at 1137–38. It is. *Id.* As our Circuit Court has long held, requiring prospective tribes to exhaust their administrative remedies under Part 83 before filing suit to compel recognition is appropriate because it is consistent with congressional direction,

---

[3] Kanam also argues, without authority, that Pilchuck Nation's status as a "Treaty Tribe" somehow exempts it from Part 83. Opp. at 4. Even if Pilchuck Nation were previously recognized in a treaty, that would not excuse the tribe from compliance with Part 83's requirements. *Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209, 218 (D.C. Cir. 2013); *see also* 25 C.F.R. § 83.12(a) (requiring compliance with Part 83 procedures for tribes that can show previous "[t]reaty relations with the United States" before extending recognition).

leverages agency expertise, creates an administrative record ripe for judicial review, and allows for the possibility that the matter will be resolved administratively without need for judicial intervention. *Id.* at 1138; *see also Mackinac Tribe v. Jewell*, 829 F.3d 754, 757 (D.C. Cir. 2016) (affirming and applying *James*).

Rather than claim that the Pilchuck Nation has complied with the requirements of Part 83, Kanam argues, incorrectly, that it need not do so. He claims that Part 83 is not required, Pl. Opp. 5, not exclusive, *id.* at 8–9, and not adequate, *id.* at 12. He also argues that other tribes have been recognized through informal agency action. *Id.* at 14–16. These arguments, however, are squarely foreclosed by our Circuit Court's precedent. "[W]hen a court is asked to decide whether a group claiming to be a currently recognized tribe is entitled to be treated as such, the court should for prudential reasons refrain from deciding that question until the Department has received and evaluated a petition under Part 83." *Mackinac Tribe*, 829 F.3d at 757. Kanam's arguments to the contrary are unavailing.

Nor does the Karluk Tribal Court exempt the Pilchuck Nation from this process, as Kanam argues. Compl. ¶ 13; Opp. 4. As an initial matter, the Karluk Tribal Court exceeded any authority it may hold in issuing that order. And, even if valid, the tribal court's order is *not* binding on this Court. In short, Kanam offers no theory as to why that order would preempt our Circuit Court's binding precedent requiring compliance with Part 83. Indeed none exist!

First, as the Government correctly notes and Kanam failed to contest, the Karluk Tribal Court lacks any authority to "declare[] Plaintiff Pilchuck Nation to be a Treaty Tribe." Compl. ¶ 13. Even if the Karluk Tribal Court is the judicial branch of a federally

8

recognized tribe, "a tribe's adjudicative jurisdiction does not exceed its legislative jurisdiction." *Strate v. A-1 Contractors*, 520 U.S. 438, 440 (1997). Congress has not delegated the authority to regulate the relationship between Indian tribes and the United States to any tribe. *Cf.* 25 U.S.C. § 2 (granting that authority to the Secretary). Instead, "the dependent status of Indian tribes ... is necessarily inconsistent with their freedom independently *to determine their external relations*." *Montana v. United States*, 450 U.S. 544, 564 (1981) (emphasis in original) (quoting *United States v. Wheeler*, 435 U.S. 313, 326 (1978)). No tribal court has the authority to adjudicate the status of another tribe vis-à-vis the United States. Lacking authority, the tribal court order is void.

Furthermore, even if the Karluk Tribal Court had the authority to declare the Pilchuck Nation a "Treaty Tribe," which it does not, Kanam has identified no basis on which this Court could, let alone must, recognize the Karluk Tribal Court ruling as binding on the Secretary. This Court is bound to accord full faith and credit to "[t]he records and judicial proceedings of any court of any such State, Territory or Possession," 28 U.S.C. § 1738, but no such requirement attaches to tribal court judgments. *See, e.g., Wilson v. Marchington*, 127 F.3d 805, 808 (9th Cir. 1997) ("Thus, the Constitution itself does not afford full faith and credit to Indian tribal judgments.").

Finally, the Karluk Tribal Court order cannot override the clear direction of our Circuit Court requiring compliance with Part 83 before seeking judicial review. The Federally Recognized Indian Tribe List Act of 1994 includes a finding that "Indian tribes presently may be recognized ... by a decision of a United States court." Pub. L. 103-454, § 103(3). The Pilchuck Nation is not barred from seeking such relief from this Court after

9

it has complied with the requirements of Part 83. *See Mackinac Tribe*, 829 F.3d at 757. But until it has done so, judicial review is unavailable and its complaint must be dismissed. *Id.*

### B. Kanam is denied leave to amend because his amended complaints both fail to state a claim and contradict his original complaint

While "the court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend may be denied if amendment would be futile or in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962). For the reasons previously discussed, Kanam's proposed amended complaints not only fail to remedy his failure to plead compliance with the Part 83 requirements, they confirm it. As such, leave to amend would be futile and is denied.

Denial of leave to amend is also warranted here due to substantive contradictions between the facts alleged in Kanam's original complaint and the two proposed amended complaints. While minor variations between a complaint and a proposed amended complaint are acceptable, *Price v. Socialist People's Libyan Arab Jamahiriya,* 389 F.3d 192, 198 (D.C. Cir. 2004), "[w]here a plaintiff blatantly changes his statement of the facts in order to respond to the defendants['s] motion to dismiss ... [and] directly contradicts the facts set forth in his original complaint a court is authorized to accept the facts described in the original complaint as true." *Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013) (citation and quotation omitted); *accord Clay v. Howard Univ.*, 128 F. Supp. 3d 22, 27 (D.D.C. 2015).

This, unfortunately, is one such case. Kanam initially alleged that a federal court is "*obliged to register*" the tribal court order. Compl. ¶ 13. In response, the Government argued that Kanam identified no basis on which a federal court would be bound to recognize the tribal court order. Mot. to Dismiss 17–19. Kanam then sought to amend his complaint to allege that a federal court "*registered* the Declaratory Order of the [Tribal] Court." First Am. Compl. ¶ 14 (emphasis added); *see also* Second Am. Compl. ¶ 20. This, of course, is not mere semantics: Kanam's theory of the case rises and falls with the deference a federal court—or the Secretary—should accord the tribal court's order. Denial is thus also warranted in light of Kanam "directly contradict[ing]" his original complaint in an attempt to defeat the Secretary's motion to dismiss. *Hourani*, 943 F. Supp. 2d at 171.[4]

## CONCLUSION

For the reasons noted above, the Court finds that plaintiffs Pilchuck Nation and Kurt Kanam failed to exhaust their administrative remedies prior to filing suit. Accordingly, defendant's Motion to Dismiss [Dkt. # 7] will be **GRANTED** and plaintiffs' complaint will be **DISMISSED** for failure to state a claim. Because amendment would be futile, plaintiffs' motions for leave to amend [Dkts. # 10, 23] will be **DENIED**. Finally, plaintiffs' motions for leave to file a sur-reply, for an expedited hearing, and motion to compel [Dkts.

---

[4] Kanam's three remaining motions—for leave to file a sur-reply, for an expedited hearing, and to compel the Government to produce documents—are denied as moot in light of the Court's dismissal of his complaint. Further, Kanam's failure to comply with Local Rule 7(m), requiring counsel to confer with opposing counsel before filing any nondispositive motion, provides an independent basis to deny Kanam's motions for a sur-reply and motion for a hearing. *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).

# 24, 25, 29] will be **DENIED AS MOOT**. The case will be **DISMISSED**. A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON<br>
United States District Judge